IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | ) |
| | ) |
| HAROLD HAYNES and JUDY HAYNES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 16-607-SLR-SRF |
| | ) |
| AIR & LIQUID SYSTEMS CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

This Report and Recommendation is limited to seven pending motions for summary judgment in this asbestos-related personal injury action. The motions were filed by Defendants Air & Liquid Systems Corporation[1] ("Air & Liquid") (D.I. 107), Aurora Pump Company ("Aurora") (D.I. 88), BorgWarner Morse TEC LLC[2] ("BorgWarner") (D.I. 100), FMC Corporation[3] ("FMC") (D.I. 96), Honeywell International Inc.[4] ("Honeywell") (D.I. 98), Pfizer Inc. ("Pfizer") (D.I. 94), and Warren Pumps, LLC ("Warren Pumps") (D.I. 92) (collectively, "Defendants"). As indicated in the chart, *infra*, and for the reasons set forth below, the court recommends granting Defendants' motions for summary judgment.

---

[1] Air & Liquid Systems Corporation is sued as a successor by merger to Buffalo Pumps, Inc. (D.I. 107)
[2] BorgWarner Morse TEC LLC is sued as a successor by merger to Borg-Warner Corporation. (D.I. 100)
[3] FMC Corporation is sued as a successor by merger to Northern Pump Company, Chicago Pump Company, and Peerless Pump Company. (D.I. 97)
[4] Honeywell International Inc. is sued as a successor by merger to Bendix Corporation. (D.I. 99)

| Defendant | Motion for Summary Judgment |
|---|---|
| Air & Liquid Systems Corporation | GRANTED |
| Aurora Pump Company | GRANTED |
| BorgWarner Morse TEC LLC | GRANTED |
| FMC Corporation | GRANTED |
| Honeywell International Inc. | GRANTED |
| Pfizer Inc. | GRANTED |
| Warren Pumps, LLC | GRANTED |

## II. BACKGROUND

### A. Procedural History

Harold and Judy Haynes ("Plaintiffs") filed this asbestos related personal injury action in the Delaware Superior Court against multiple defendants on June 3, 2016, asserting claims arising from Mr. Haynes' alleged harmful exposure to asbestos. (D.I. 1 at 1) Defendant Crane Co. removed the action to this court on July 15, 2016. (D.I. 1) Defendants Aurora, Warren Pumps, Pfizer, FMC, Honeywell, BorgWarner, and Air & Liquid filed motions for summary judgment on March 24, 2017. (D.I. 88, 92, 94, 96, 98, 100, and 107) Plaintiffs did not respond to these motions. On May 2, 2017, counsel for Warren Pumps sent a letter to the court seeking dismissal due to Plaintiffs' lack of opposition to its summary judgment motion. (D.I. 113) Counsel for Aurora filed a similar letter on May 30, 2017, requesting dismissal of all claims against it.[5] (D.I. 115)

### B. Facts

#### 1. Plaintiff's alleged exposure history

Plaintiffs allege that Mr. Haynes developed lung cancer as a result of exposure to

---

[5] Moving Defendants, Air & Liquid, BorgWarner, FMC, Honeywell, and Pfizer, did not submit a letter of request for dismissal, but the court will consider their respective motions which are pending and unopposed, according to the docket.

asbestos-containing products during the course of his service as a boiler tender with the U.S. Navy from 1959 to 1963. (D.I. 1, Ex. 1 at ¶¶ 2, 15) In addition, Mr. Haynes alleges he was exposed to asbestos from 1963 to 2015 as a result of his employment as a fireman, mechanic, laborer, and janitor. (D.I. 1, Ex. 1 at ¶ 3(b)-(l)) Plaintiffs contend that Mr. Haynes was injured due to exposure to asbestos-containing products that Defendants manufactured, sold, distributed, licensed, or installed. (D.I. 1, Ex. 1 at ¶ 4) Accordingly, Plaintiffs assert negligence, strict liability, punitive damages, and loss of consortium claims. (*Id.*, Ex. 1)

Mr. Haynes was deposed on December 6 and 7, 2016.[6] (D.I. 101 at 2) Plaintiffs did not produce any other fact or product identification witnesses for deposition. Mr. Haynes testified that he enlisted in the Navy in September 1959. (12/6/16 Video Tr. at 23:15–17) After boot camp, he went to a training school for boilermen. (*Id.* at 24:12–14) His training consisted of instruction on tending and operating boilers on ships. (*Id.* at 24:17–22) After his training, Mr. Haynes was stationed on the USS Halsey Powell ("USS Powell") from 1960 to 1963 and on the USS Dennis J. Buckley ("USS Buckley") for six months in 1963. (D.I. 108 at 1) Mr. Haynes believes that he was exposed to asbestos while operating and maintaining boilers. (12/6/16 Video Tr. at 23:1–13)

After leaving the Navy, Mr. Haynes believes he was exposed to asbestos-containing products through his employment as an engine fireman for the Union Pacific Railroad from 1963 to 1964 (D.I. 95 at 3); an auto mechanic for Modern Motors Volkswagen Dealership from 1964 to 1966 (D.I. 99 at 2); a laborer for Steelman Duff Railroad Construction Company in 1967 (*Id.*);

---

[6] The deadline to complete depositions of all plaintiffs alleging exposure was December 9, 2016. (D.I. 40 at ¶ 4(c)(iii)) The deadline to complete depositions of all co-worker, product identification, and other exposure testimony witnesses was January 20, 2017. (D.I. 40 at ¶ 4(c)(iv)) The deadline to complete depositions of all defense fact witnesses was April 7, 2016. (D.I. 40 at ¶ 4(c)(v))

an auto mechanic for Pete Loverly Volkswagen Dealership in 1968 (*Id.*); an auto mechanic for Humphrey Volkswagen Dealership from 1972 to 1973 (*Id.*); a mechanic for Pacific Alaska Airline from 1973 to 1979 (*Id.*); an auto mechanic for Mid Oregon Motors Volkswagen Dealership from 1979 to 1980 (*Id.*); a mechanic for Butler Aircraft from 1982 to 2003 (*Id.*); and a janitor for Redmond High School District from 2004 to 2015. (*Id.*) Mr. Haynes also believes he was exposed to asbestos-containing products while performing automotive repair work for his friends and family from 1981 to 2014. (D.I. 99 at 2)

### 2. Plaintiff's product identification evidence

#### a. Air & Liquid/Buffalo Pumps

Mr. Haynes identified Buffalo Pumps as the manufacturer of pumps that he worked on while serving in the Navy as a boiler tender from 1959 to 1963. (D.I. 108 at 2) Mr. Haynes testified that he worked on pumps manufactured by Buffalo Pumps twenty to thirty times while he was aboard the USS Powell. (12/6/16 Tr. at 158:17–25) Mr. Haynes could not remember the specific kind of work he performed on Buffalo Pumps' products while aboard the USS Powell. (*Id.* at 159:6–10) Additionally, Mr. Haynes could not recall how many times he worked on pumps manufactured by Buffalo Pumps during his six months aboard the USS Buckley in 1963. (*Id.* at 159:1–5) Mr. Haynes stated that he did not have knowledge of when the pumps were installed on either the USS Powell or the USS Buckley. (*Id.* at 159:14–160:8) Furthermore, Mr. Haynes testified that he did not know the maintenance history of any of the pumps manufactured by Buffalo Pumps on either ship. (*Id.* at 160:4–8) He did not know whether the packing or gasket material used on the pumps, on either ship, contained asbestos. (*Id.* at 160:25–161:9)

#### b. Aurora Pump

Mr. Haynes did not identify any products manufactured by Aurora. (*See* D.I. 89)

### c. BorgWarner Morse

Mr. Haynes identified BorgWarner as the manufacturer of clutches used at various Volkswagen dealerships where he was employed from 1964 to 1973. (D.I. 101 at 2) Mr. Haynes testified that he removed Volkswagen clutch disks. (12/6/16 Video Tr. at 106:4–8) However, Mr. Haynes could not remember removing, installing, or working on a BorgWarner clutch. (*Id.* at 105:25–106:2; 356:4–6; 12/7/2016 Tr. at 355:24–356:1) Mr. Haynes did not assert that the clutches or clutch discs manufactured by BorgWarner contained any asbestos. (D.I. 101)

### d. FMC

Mr. Haynes did not identify any products manufactured by FMC. (*See* D.I. 97)

### e. Honeywell/Bendix

Mr. Haynes identified Bendix as a manufacturer of automotive brakes that he installed as a mechanic and car owner after he moved to Redmond, Oregon in 1981. (D.I. 99 at 3) Mr. Haynes testified that he could not recall the last time he worked on a Bendix brake. (12/6/16 Tr. at 360:1–3) He estimated that he installed Bendix brakes ten to fifteen times. (12/6/16 Video Tr. at 93:20–23) Mr. Haynes testified that he did not know whether the Bendix brakes he used contained asbestos and did not recall seeing warnings on the Bendix brake boxes. (*Id.* at 362:1–9)

### f. Pfizer

Mr. Haynes did not identify any product manufactured by Pfizer. (*See* D.I. 95)

### g. Warren Pumps

Mr. Haynes initially identified "Warner" as a manufacturer of pumps that he worked on while aboard the USS Powell from 1960 to 1963. (12/6/16 Video Tr. at 33:6–13) Later, Mr. Haynes stated that he actually worked on "Warren" pumps. (*Id.* at 49:9–15) Mr. Haynes stated

that the type of pump that he worked on was a feed pump. (12/6/16 Tr. at 169:20–24) On at least one occasion, Mr. Haynes recalled replacing the packing on the feed pump. (*Id.* at 168:22–170:8) He estimated that he worked on the pumps ten to twenty times. (D.I. 93 at 7) Mr. Haynes stated that he was unaware of the maintenance history of the pumps located on the USS Powell. (12/6/16 Tr. at 168:22–170:8) He also testified that he did not know whether the packing used in pumps aboard the USS Powell contained asbestos. (*Id.* at 109:12–16)

### III. LEGAL STANDARDS

#### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must support its contention by citing to particular documents in the record, by showing that the cited materials do not establish the absence or presence of a genuine dispute, or by showing that an adverse party

6

cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)–(B). The existence of some alleged factual dispute may not be sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Clark v. Welch*, Civ. NO.14-029-SLR, 2016 WL 859259, at *2 (D. Del. Mar. 3, 2016). If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[7] A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the

---

[7] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, Civil No. 12–2122, 2014 WL 3783878, *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Svcs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### B. Oregon Law

The parties have agreed that Oregon law applies to all land-based claims. (D.I. 97) Under Oregon law, a plaintiff must establish that a particular defendant's product was a "substantial factor" in causing the plaintiff's injury. *McEwen v. Ortho Pharm. Corp.*, 528 P.2d 522, 543 (Or. 1974). "[A] plaintiff must be able to identify a specific type of product . . . that the defendant manufactured or supplied and to which the plaintiff was exposed." *Greer v. Ace Hardware Corp.*, 300 P.3d 202, 206 (Or. App. 2013). Furthermore, a plaintiff must present evidence that the "defendant's asbestos was present in the workplace." *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1344 (9th Cir. 1992).

### C. Maritime Law

The parties do not dispute that maritime law applies to all Naval/sea-based claims.[8] (D.I.

---

[8] For maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. In *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), the Supreme Court defined these tests as follows:

> A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce[.]" Second, a

101) In order to establish causation in an asbestos claim under maritime law, a plaintiff must show, for each defendant, that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor[9] in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. Appx. 371, 375 (6th Cir. 2001)); *Dumas v. ABB Grp., Inc.*, 2015 WL 5766460, at *8 (D. Del. Sept. 30, 2015), *report and recommendation adopted*, 2016 WL 310724 (D. Del. Jan. 26, 2016); *Mitchell v. Atwood & Morrill Co.*, 2016 WL 4522172, at *3 (D. Del. Aug. 29, 2016), *report and recommendation adopted*, 2016 WL 5122668 (D. Del. Sept. 19, 2016); *Denbow v. Air & Liquid Sys. Corp.*, 2017 WL 1199732, at *4 (D. Del. Mar. 30, 2017), *report and recommendation adopted*, 2017 WL 1427247 (D. Del. Apr. 19, 2017). Other courts in this Circuit recognize a third element and require a plaintiff to "show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged."[10] *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012); *see* § III(C), *infra*.

"In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of

---

court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity." 513 U.S. at 534 (internal citations omitted).

[9] "Maritime law incorporates traditional 'substantial factor' causation principles, and courts often look to the Restatement (Second) of Torts for a more helpful definition." *Delatte v. A.W. Chesterton Co.*, 2011 WL 11439126, at *1 n.1 (E.D. Pa. Feb. 28, 2011). The comments to the Restatement indicate that the word "substantial," in this context, "denote[s] the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility." Restatement (Second) of Torts § 431 cmt. a (1965).

[10] The majority of federal courts have held that, under maritime law, a manufacturer has no liability for harms caused by, and no duty to warn about hazards associated with, a product it did not manufacture or distribute. This is also referred to as the "bare metal" defense. *See Dalton v. 3M Co.*, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013) (citing cases); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012).

the plaintiff or decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time."[11] *Abbay*, 2012 WL 975837, at *1 n.1 (citing *Stark*, 21 F. Appx. at 376).

On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient to establish causation. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. Appx. at 376). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict product[] liability." *Stark*, 21 F. Appx. at 376 (citations omitted).

## IV. DICUSSION

### A. Air & Liquid/Buffalo Pumps

The court recommends granting Air & Liquid's motion for summary judgment. Although Mr. Haynes testified that he worked on pumps manufactured by Buffalo Pumps from 1960 to 1963 while aboard the USS Powell and USS Buckley, there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an asbestos-containing product made by Buffalo Pumps. (12/6/16 Tr. at 155:16–157:25) Mr. Haynes stated that he performed work on Buffalo Pumps' products located in the fire rooms of the USS Powell and USS Buckley.

---

[11] However, "'substantial exposure is necessary to draw an inference from circumstantial evidence that the exposure was a substantial factor in causing the injury.'" *Stark*, 21 F. Appx. at 376 (quoting *Harbour v. Armstrong World Indus., Inc.*, 1991 WL 65201, at *4 (6th Cir. April 25, 1991)).

10

(*Id.* at 155:20–156:4) However, according to a machinery synopsis for a Gearing class destroyer similar to the USS Powell and USS Buckley, Buffalo Pumps' products were only located in the engine rooms. (D.I. 108, Ex. B at 5–10) Moreover, Mr. Haynes did not know the maintenance history of the pumps or whether the pumps contained original packing or gaskets. (*Id.* at 160:16–24) Mr. Haynes also did not know the manufacturer of the gaskets used with the pumps. (*Id.* at 161:10–13)

The deposition testimony of Mr. Haynes fails to create a material issue of fact as to whether Buffalo Pumps' products were a substantial contributing factor to Mr. Haynes' injury under maritime law. *See Lindstrom*, 424 F.3d at 492. Therefore, the court recommends granting summary judgment in favor of Air & Liquid.

### B. Aurora Pump

The court recommends granting Aurora's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an asbestos-containing product made by Aurora. Plaintiffs fail to meet the "substantial factor" test, because Plaintiffs did not produce any evidence establishing exposure to an Aurora product.

### C. BorgWarner Morse

The court recommends granting BorgWarner's motion for summary judgment, because Plaintiffs have failed to show that a material issue of fact exists as to whether BorgWarner's product was a substantial factor in causing Mr. Haynes' injuries under Oregon law. *See McEwen*, 528 P.2d at 543. Although Mr. Haynes identified clutches made by BorgWarner, there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an asbestos-containing product made by BorgWarner. (D.I. 101 at 2) From 1964 to 1973, Mr. Haynes alleged that he worked on Borg Warner clutches while employed as an auto mechanic at

Modern Motors Volkswagen Dealership, Pete Lovely Volkswagen Dealership, Evald Leif Volkswagen Dealership, and Humphrey Volkswagen Dealership. (D.I. 99 at 2) However, Mr. Haynes testified that he did not remember removing or installing a BorgWarner clutch during his employment at the Volkswagen dealerships. (12/7/16 Video Tr. at 105:23–106:8; 356:4–6) He did not testify that he was exposed to asbestos in the course of working on clutches made by BorgWarner. (D.I. 101)

The deposition testimony of Mr. Haynes fails to create a material issue of fact as to whether BorgWarner's products were a substantial contributing factor to Mr. Haynes' injury. *See McEwen*, 528 P.2d at 543. Therefore, the court recommends granting summary judgment in favor of BorgWarner.

### D. FMC

The court recommends granting FMC's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an asbestos-containing product made by Northern Pump Company, Chicago Pump Company, or Peerless Pump Company. Plaintiffs fail to meet the "substantial factor" test, because Plaintiffs did not produce any evidence of exposure to a Northern Pump Company, Chicago Pump Company, or Peerless Pump Company product.

### E. Honeywell/Bendix

The court recommends granting Honeywell's motion for summary judgment, because Plaintiffs have failed to show that a material issue of fact exists as to whether Honeywell's product was a substantial factor in causing Mr. Haynes' injuries under Oregon law. *See McEwen*, 528 P.2d at 543. Although Mr. Haynes testified that he worked on Bendix brakes, there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an

asbestos-containing product made by Bendix. (12/7/16 Video Tr. at 84:17–21) Mr. Haynes testified that he started working on Bendix brakes while employed as a mechanic in Redmond, Oregon after 1981. (*Id.* at 359:18–21) Mr. Haynes testified that he did not know whether the Bendix brakes he used contained asbestos, and Mr. Haynes did not recall seeing warnings on the Bendix brake boxes. (*Id.* at 362:1–9)

The deposition testimony of Mr. Haynes fails to create a material issue of fact as to whether Bendix's products were a substantial contributing factor to Mr. Haynes' injury. *See McEwen*, 528 P.2d at 543. Therefore, the court recommends granting summary judgment in favor of Honeywell.

### F. Pfizer

The court recommends granting Pfizer's motion for summary judgment, because there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an asbestos-containing product made by Pfizer. Plaintiffs fail to meet the "substantial factor" test, because Plaintiffs did not produce any evidence of exposure to a Pfizer product.

### G. Warren Pumps

The court recommends granting Warren Pumps' motion for summary judgment. Although Mr. Haynes testified that he worked on pumps manufactured by Warren Pumps, there is no genuine issue of material fact in dispute as to whether Mr. Haynes was exposed to an asbestos-containing product made by Warren Pumps. (12/6/16 Tr. at 162:19–22) Mr. Haynes testified that he removed and replaced the packing on pumps manufactured by Warren Pumps while aboard the USS Powell. (*Id.* at 171:4–6) Mr. Haynes remembered one specific occasion when he worked on a pump manufactured by Warren Pumps. (*Id.* at 168:22–170:8) Mr. Haynes stated that he was unaware of the maintenance history of the pumps that were on the USS

Powell. (*Id.* at 170:9–15) He also testified that he did not know whether the packing used aboard the USS Powell contained asbestos. (*Id.* at 109:12–16)

The deposition testimony of Mr. Haynes fails to create a material issue of fact as to whether Warren Pumps' products were a substantial contributing factor to Mr. Haynes' injury under maritime law. *See Lindstrom*, 424 F.3d at 492. Therefore, the court recommends granting summary judgment in favor of Warren Pumps.

## V. CONCLUSION

For the foregoing reasons, and as addressed in the chart *infra*, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| Air & Liquid Systems Corporation | GRANTED |
| Aurora Pump Company | GRANTED |
| BorgWarner Morse TEC LLC | GRANTED |
| FMC Corporation | GRANTED |
| Honeywell International Inc. | GRANTED |
| Pfizer Inc. | GRANTED |
| Warren Pumps, LLC | GRANTED |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 21, 2017

                                                  Sherry R. Fallon
                                                  United States Magistrate Judge