IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION )<br>)<br>HAROLD and JUDY HAYNES, )<br>)<br>       Plaintiffs, )<br>)<br>       v. )<br>)<br>AIR & LIQUID SYSTEMS CORP., et al., )<br>)<br>       Defendants. ) | Civil Action No. 16-607-ER |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Presently before the court in this asbestos-related personal injury action is a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), filed by defendant Volkswagen Group Of America, Inc. ("Volkswagen"). (D.I. 76) For the reasons set forth below, the court recommends granting Volkswagen's motion to dismiss.

**II.   BACKGROUND**

**A. Procedural History**

Harold and Judy Haynes ("Plaintiffs") filed this asbestos action in the Delaware Superior Court against multiple defendants on June 3, 2016, asserting claims arising from Mr. Haynes' alleged harmful exposure to asbestos. (D.I. 1 at 1) Defendant Crane Co. removed the action to this court on July 15, 2016. (D.I. 1) Volkswagen filed a motion to dismiss based on lack of personal jurisdiction on February 17, 2017. (D.I. 76) Plaintiffs did not respond to the motion. On March 13, 2017, counsel for Volkswagen sent a letter to the court seeking dismissal in light of Plaintiffs' failure to oppose its motion to dismiss. (D.I. 86)

### B. Facts

Plaintiffs allege that Mr. Haynes developed lung cancer as a result of exposure to asbestos-containing products during his career as an auto mechanic for Volkswagen dealerships in Washington and Oregon from approximately 1964 to 1980. (D.I. 1, Ex. 1 at ¶¶ 3, 15) Plaintiffs contend that Defendants manufactured, sold, removed, installed, or distributed asbestos-containing products. (*Id.* at ¶ 4) Accordingly, Plaintiffs assert negligence, strict liability, punitive damages, and loss of consortium claims. (D.I. 1, Ex. 1)

Plaintiffs have resided in Redmond, Oregon since 1992. (*Id.* at ¶ 2) Volkswagen is incorporated in New Jersey and has its principal place of business in Virginia. (D.I. 76 at 1)

## III. LEGAL STANDARDS

Rule 12(b)(2) of the Federal Rules of Civil Procedure directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). A plaintiff "need

only establish a *prima facie* case of personal jurisdiction" when the court has not held an evidentiary hearing. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See Time Share*, 735 F.2d at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Reach & Assocs.*, 269 F. Supp. 2d at 502. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Pursuant to the relevant portions of Delaware's long-arm statute, 10 *Del. C.* § 3104(c)(1)–(4), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 *Del. C.* § 3104(c)(1)–(4). With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354–55 (D. Del. 2008). Subsection (c)(4) confers general jurisdiction, which requires a greater extent of contacts, but allows the exercise of personal jurisdiction even when the claim is unrelated to the

forum contacts. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991).

If a defendant is found to be within the reach of the long-arm statute, the court must then analyze whether the exercise of personal jurisdiction comports with due process by determining whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). The court may exercise specific personal jurisdiction consistent with due process when the plaintiff's cause of action arises from the defendant's activities in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The court may exercise general personal jurisdiction consistent with due process when the plaintiff's cause of action is unrelated to the defendant's activities in the forum state, so long as the defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc.*, 772 F. Supp. at 1470.

In *Daimler AG v. Bauman*, the Supreme Court stated that the "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." 134 S. Ct. 746, 749 (2014). The Supreme Court did not hold that a corporation may be subject to general jurisdiction only in one of these locations, but rejected the notion that "continuous and systematic" contacts alone could confer general jurisdiction, clarifying that the role of general jurisdiction is to "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* at 760–62.

### III. DISCUSSION

The court should grant Volkswagen's motion to dismiss based on lack of personal

4

jurisdiction, because Plaintiffs have not met their burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between Volkswagen and the forum to support jurisdiction. *See Provident Nat'l Bank*, 819 F.2d at 437. In the complaint, Plaintiffs state that Volkswagen is a foreign business entity that does business in Delaware. (D.I. 1, Ex. 1 at ¶ 9) However, this statement is conclusory and falls short of demonstrating either specific or general jurisdiction that comports with due process. *See Provident Nat'l Bank*, 819 F.2d at 437. Moreover, as mentioned *supra*, Plaintiffs did not respond to Volkswagen's motion to dismiss.

Specific personal jurisdiction over Volkswagen does not exist in the present case. Plaintiffs allege that Mr. Haynes was exposed to asbestos-containing products outside of Delaware, during his time as an auto mechanic for Volkswagen dealerships in Washington and Oregon. (D.I. 1, Ex. 1 at ¶ 3) In addition, Plaintiffs do not allege that any wrongful conduct by Volkswagen occurred in Delaware. Moreover, Mr. Haynes is a resident of Oregon, not Delaware. (D.I. 1, Ex. 1 at ¶ 2) Thus, there is no nexus between the alleged injurious conduct, the defendant, and the State of Delaware. *See Burger King*, 471 U.S. at 472.

General jurisdiction also does not exist over Volkswagen in the present case. Volkswagen is incorporated in New Jersey, and has its principal place of business in Virginia. (D.I. 76 at 1) Therefore, Volkswagen is not "at home" in Delaware. *Daimler*, 134 S. Ct. at 749. Moreover, the Delaware Supreme Court recently noted that the *Daimler* Court rejected the notion that "a corporation is subject to general jurisdiction in every state in which it 'engages in a substantial, continuous, and systematic course of business' calling that position 'unacceptably grasping.'" *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 136 (Del. Apr. 18, 2016) (quoting *Daimler*, 134 S. Ct. at 761).

## IV. CONCLUSION

For the foregoing reasons, the court recommends granting Volkswagen's motion to dismiss.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 22, 2017

Sherry R. Fallon
United States Magistrate Judge